## Washington Square Urban Renewal Area Condemnation

*Leon W. Silverman*, for condemnee.

*James P. Garrity*, for Philadelphia Redevelopment Authority.

REIMEL, P. J., August 30, 1966.—This matter comes before the court as a rule to show cause why the con-

demnor, the Redevelopment Authority of Philadelphia (authority), should not file a declaration of estimated just compensation for the amount of damages sustained by the condemnee, Oscar Coffman, in relocating alleged machinery and equipment from his leased premises that were condemned by the authority. The statutory basis for such a request is the amended Eminent Domain Code of June 22, 1964, P. L. 84, 26 PS §1-407(a), (b) and (c) (1965 Supp.).

The authority filed a declaration of taking of the premises in question on December 20, 1965. The condemnee has evidently relinquished possession to the authority. The condemnee alleges that the authority offered to pay $1,500 as estimated compensation for the damages inflicted by the condemnation. However, this amount was not paid, and on March 8, 1966, according to the condemnee, demand was made on the authority for payment. The authority refused, and, subsequently, this rule to show cause and petition was filed on June 3rd. The authority, in its answer to the rule and petition, denies that extensive injury was caused by the forced relocation of any machinery that the condemnee might have had on the premises and contends that even if there were relocation expenses, it is the burden of the condemnee to come forward with proof of these moving costs.

The court agrees with the authority. Sections 1-407-(a) and (b) of the Eminent Domain Code do require the authority to pay to the condemnee the authority's good faith estimate of damages inflicted by condemnation. However, where relocation or moving expenses are involved, the authority has no means of ascertaining an approximate cost figure. Such a figure would depend on the type of objects moved, the distance these objects were moved and collateral problems that are strictly within the knowledge of the condemnee. Since the condemnee in this case has failed to supply the au-

thority with receipts of any bills paid in the process of relocation, the authority should be under no duty to file an estimate of just compensation which would, in reality, be merely speculation and not an estimate. Furthermore, on petition of the authority, a board of view was appointed by this court on March 4, 1966, to assess property damages to the condemnees in the above-captioned redevelopment project. The property of petitioner is within this area. Since the board of view was appointed some three months prior to the filing of this rule to show cause, the court deems it wise to remain committed to its original action which will result in a final and conclusive settlement among all condemnees whose property is within this project.

Therefore, for the above reasons, the rule to show cause why the authority should not file a declaration of estimated just compensation is dismissed without prejudice.